WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen W. Suchy,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>　　　　　　Defendant. | No. CV-14-00192-PHX-ESW<br><br>**ORDER** |

　　　　Pending before the Court is the Plaintiff's fully briefed Application for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).  (Doc. 28). Because the Plaintiff is the prevailing party for purposes of the EAJA, but was not successful on all claims presented, the Court will grant the Plaintiff his reasonable attorney's fees as determined by the Court.

## **Procedural History**

　　　　Plaintiff appealed the Social Security Administration's (Commissioner) denial of his claim for disability benefits.  (Doc. 1).  This Court had jurisdiction to decide the Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c).  By Order filed on March 20, 2015 (Doc. 26), the Court found that the Administrative Law Judge's (ALJ) decision contained harmful legal error.  The Court reversed the ALJ's decision and remanded the case for further administrative proceedings.  (*Id*. at 3-4.)  The Plaintiff filed his Application for Attorney Fees under the Equal Access to Justice Act.  (Doc. 28).

**Discussion**

That the Plaintiff is the prevailing party in this case is undisputed. The Plaintiff requests that the Court award the Plaintiff the full amount of attorney's fees the Plaintiff has incurred to litigate his appeal pursuant to 28 U.S.C. § 2412. The Plaintiff provides an itemization of hours expended by counsel and a supporting affidavit. (Doc. 28-1). Attorney's fees incurred by the Plaintiff to date total $8,297.10.

The Defendant requests that the Court reduce the amount of fees to be awarded the Plaintiff on the basis that the Plaintiff's position regarding an outright award of benefits was unsuccessful. (Docs. 21 and 23). The Defendant cites the Court to *Hensley v. Eckerhart*, 461 U.S. 424, 436-437 (1983), as authority for reducing the Plaintiff's attorney's fees requested. *See also I.N.S. v. Jean*, 496 U.S. 154 (1990).

In *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998), the Ninth Circuit Court of Appeals concluded that a district court must consider the results obtained, as required by *Hensley*, when determining whether EAJA fees requested by a prevailing party are reasonable. *Id*. In *Atkins*, the plaintiff prevailed in district court to the extent that the district court vacated the Commissioner's decision and remanded the case for further proceedings. However, the plaintiff had argued before the district court for an outright award of benefits. Therefore, the plaintiff appealed the district court's decision to the Ninth Circuit Court of Appeals, seeking an outright award of benefits, rather than a remand. The Ninth Circuit affirmed the decision of the district court. *See Atkins v. Shalala*, 61 F.3d 751 (9th Cir. 1995). After exhausting remedies, the plaintiff's position was not advanced by his appeal. *Atkins*, 154 F.3d at 987. In considering the issue of attorney's fees, the Ninth Circuit rejected the plaintiff's argument that all fees are reasonable under the EAJA unless a plaintiff has engaged in dilatory conduct pursuant to 28 U.S.C. § 2412(d)(1)(C). Instead, the Court required the district court to consider the results obtained consistent with *Hensley*. *Atkins*, 154 F.3d at 990.

In the case before the Court, the threshold determination that the Plaintiff is the prevailing party has been met. *See Hensley*, 461 U.S. at 433. In determining whether the

1  attorney's fees sought by the Plaintiff are reasonable, the Court must consider the level of
2  success the Plaintiff achieved and results obtained.  In his Opening Brief, the Plaintiff
3  sought vacature of the ALJ's decision and remand for a computation of benefits.  (Doc.
4  16 at 1 and 26).  Thereafter, the Defendant filed a Motion for Remand, conceding that the
5  ALJ's decision contained harmful legal error which required reversal and remand for
6  further proceedings not limited to a calculation of benefits.  (Doc. 21 at 13).  The
7  Plaintiff, however, filed a Response to the Motion for Remand, requesting a remand for
8  computation of benefits only.  (Doc. 23 at 2).

9        This Court reversed the ALJ's decision and remanded the case for further
10  administrative hearings, not a direct computation of benefits.  (Doc. 26).  Therefore, the
11  Plaintiff was only partially successful in obtaining the relief he sought.  In determining an
12  award of reasonable attorney's fees pursuant to *Hensley*, the Court considers the hours
13  expended by counsel on those claims for which the Plaintiff was successful and the hours
14  expended on those claims for which the Plaintiff was not successful.  The Court will not
15  award fees for hours spent responding to the Motion for Remand.  The Court finds that
16  the Plaintiff's reasonable attorney's fees in this case total $6,557.07 (34.5 hours x
17  $190.06 per hour).

18  **<u>Conclusion</u>**

19      **IT IS ORDERED** granting Application for Attorney Fees under the Equal Access
20  to Justice Act (Doc. 28).

21      **IT IS FURTHER ORDERED** awarding the Plaintiff reasonable attorney's fees
22  in the amount of $6,557.07.

23      Dated this 3rd day of September, 2015.

                                        Honorable Eileen S. Willett
                                        United States Magistrate Judge